UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PAUL ALLEN DYE,

       Plaintiff,                                              Case No. 09-14545
                                                          HON. BERNARD A. FRIEDMAN
vs.

JODI DEANGELO, et al.,

       Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN OBJECTION [D.E. 44], ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S COMPLAINT**

This matter is before the Court on Magistrate Mark A. Randon's Report and Recommendation ("R and R") dated November 4, 2010. Plaintiff filed a motion requesting an extension of time in which to file an objection to the R and R, which the Court grants. On November 24, 2010, Plaintiff filed his objection to the R and R.

This Court had an opportunity to fully review this matter and believes that the Magistrate Judge has reached the correct conclusions for the proper reasons. The Court notes that the Magistrate Judge, in its lengthy opinion, very clearly analyzed each of Plaintiff's claims.

Plaintiff is serving his twentieth year of a life sentence for first-degree murder, second-degree murder and two counts of felony firearm. Magistrate Judge Randon provided a factual summary in his R and R on pages 2-4, and the Court will adopt such summary for the purpose of this Order.

Plaintiff's first objection to the R and R argues that it is improperly based on an

1

unauthorized second summary judgment motion. Plaintiff's objection is based on the Court's newly enacted local rule, E.D.Mich. LR 7.1(b)(2), which states that "A party must obtain leave of court to file more than one motion for summary judgment." The Court notes that the first motion for summary judgment was not ruled on, nor was it fully briefed. The Court has the inherent authority to permit a second motion for summary judgment to be filed and, as the Court did not expend significant judicial resources in ruling on the first motion, the Court finds that Magistrate Judge Randon's R and R based on the second summary judgment motion was not improper.

Plaintiff's remaining arguments are a restatement of those made in his response brief, and are addressed below in review of Magistrate Judge Randon's R and R.

Magistrate Judge Randon's first recommendation is that Warden Booker should be dismissed because he was not personally involved in any constitutional violation. In making this recommendation, Magistrate Judge Randon notes that allegations premised on respondeat superior liability are foreclosed in § 1983 actions. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). Here, the only feasible claim that Plaintiff can make against Warden Booker is based upon a theory of respondeat superior liability. Accordingly, as Magistrate Judge Randon recommended, such claim must be dismissed.

Next, Magistrate Judge Randon recommends that the Court find that Defendants Booker, Nowak, Ray and Crysler are entitled to qualified immunity as to Plaintiff's § 1983 claims. As the R and R explains, Plaintiff bears the burden of defeating Defendants' immunity, which generally shields state actors from liability under § 1983 based on their discretionary acts. As Magistrate Judge Randon points out, a prisoner does not have an inherent constitutional right to

2

be housed in a particular institution. Meachum v. Fano, 427 U.S. 215, 224 (1976). In addition, the Sixth Circuit has held that transfer from one prison to another "cannot rise to the level of an 'adverse action' [for retaliation claims] because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights." Smith v. Yarrow, No. 01-4033, 2003 U.S. App. LEXIS 21395 at *40-14 (6th Cir. Oct. 20, 2003). Accordingly, as Magistrate Judge Randon recommended, Booker, Nowak, Ray and Crysler are immune from liability for any alleged conduct related to the transfer, and Plaintiff's claims against them should be dismissed.

Third, Magistrate Judge Randon recommends that Plaintiff's retaliation claims against DeAngelo be dismissed. Plaintiff alleges that DeAngelo violated his Fourteenth Amendment rights by removing him from the Warden's Forum without due process and retaliated against him for exercising his First Amendment right of access to the courts by transferring him to another facility. As the R and R explains, Plaintiff "has no liberty or property interest in his position as an inmate representative on the warden's forum." VanDiver v. Martin, 48 Fed.Appx. 517, 519 (6th Cir. 2002). Thus, Plaintiff's Fourteenth Amendment claim on these grounds is dismissed. As to Plaintiff's First Amendment retaliation claim, as Magistrate Judge Randon noted, Plaintiff has failed to demonstrate that the allegedly retaliatory acts constituted both an adverse action, and that such adverse action, if it existed, had a causal connection with the interference of his exercise of protected conduct. As the R and R stated, Plaintiff has failed to demonstrate an adverse action, as Plaintiff has not demonstrated that Defendants were aware of his legal proceedings, and thus did not transfer him with any malicious intent to interfere with the exercise of his protected conduct. Accordingly, Plaintiff's First Amendment retaliation claim is also dismissed.

3

Accordingly,

IT IS ORDERED that Plaintiff's motion for an extension of time to file his objections to the R and R is GRANTED.

IT IS FURTHER ORDERED that Magistrate Judge Mark A. Randon's Report and Recommendation dated November 4, 20101, is hereby accepted and adopted.

IT IS FURTHER ORDERED Defendants' Second Motion for Summary Judgment be GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED in its entirety.

Dated: December 2, 2010          s/Bernard A. Friedman
      Detroit, Michigan            BERNARD A. FRIEDMAN
                                   UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Judge Friedman